PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DAVID C. LETTIERI, ) | |
| ) | CASE NO. 4:23CV1690 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| NORTHEAST OHIO ) | |
| CORRECTIONAL CENTER, ) | |
| ) | **MEMORANDUM OF OPINION** |
| Defendant. ) | **AND ORDER** |

**I. Background**

*Pro se* Plaintiff David C. Lettieri, was a federal pretrial detainee in the custody of the United States Marshals Service ("USMS") at the time the events described in the Complaint (ECF No. 1) took place. He brings this *Bivens*[1] action asserting claims of cruel and unusual punishment against the Northeast Ohio Correctional Center ("NEOCC"). The Complaint (ECF No. 1) is very brief. It states only that when Plaintiff was brought to NEOCC on June 16, 2023, staff failed to provide him with proper intake items, specifically envelopes to mail letters. *See* ECF No. 1 at PageID #: 4, 5. Plaintiff claims he had to wait two weeks for money to be available on his inmate trust account to purchase envelopes. *See* ECF No. 1 at PageID #: 5. Plaintiff seeks $10,000 in damages.

**II. Standard for Dismissal**

---

[1] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

(4:23CV1690)

Although *pro se* pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief may be granted or if it lacks an arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in th[e] complaint." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Ashcroft v. Iqbal , 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. Twombly, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. Id. In reviewing a complaint, the court must construe the pleading in the light most favorable to the plaintiff. Bibbo v. Dean Witter Reynolds, Inc., 151 F.3d 559, 561 (6th Cir. 1998).

### III. Law and Analysis

(4:23CV1690)

Plaintiff asserts a cause of action for "cruel and unusual punishment," which would arise under the Due Process Clause for a pretrial detainee. The Constitution itself does not provide for damages. *See Robertson v. Janoski-Haehlen*, No. 5:22CV1652, 2022 WL 17340352, at *4 (N.D. Ohio Nov. 30, 2022). Plaintiff must bring his claim under a civil rights statute that authorizes an award of damages for constitutional violations. Plaintiff checked a box on the form complaint suggesting he was bringing the action under 42 U.S.C. § 1983. *See* ECF No. 1 at PageID #: 3. To establish a prima facie case under § 1983, Plaintiff must assert that a person acting under color of state law deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniel v. Williams*, 474 U.S. 327 (1986). Generally to be considered to have acted "under color of state law," the person who commits the constitutional violation must be a state or local government official or employee. Plaintiff's § 1983 claim fails because NEOCC is not a state actor. NEOCC houses federal prisoners, such as Plaintiff, through an agreement to provide services for the federal government. The agreement is between CoreCivic, a private corporation that owns and operates NEOCC, and the USMS. On or about June 16, 2023, Plaintiff was a USMS detainee incarcerated at NEOCC pursuant to a federal contract with the USMS. NEOCC was not acting on behalf of the State of Ohio and, therefore, cannot be considered a state actor under § 1983. *See Bishawi v. Ne. Ohio Corr. Ctr.*, 628 Fed.Appx. 339, 342 (6th Cir. 2014) (district court correctly found that § 1983 is not applicable to federal prisoner's claims against NEOCC and its warden).

Plaintiff, however, can only bring claims against individual officers under *Bivens*. He cannot bring a claim against NEOCC. *Bivens* provides a limited cause of action against

3

(4:23CV1690)

individual federal government officers acting under color of federal law alleged to have acted unconstitutionally. *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 70 (2001). *Bivens*' purpose is to deter individual federal officers, not the agency, from committing constitutional violations. A *Bivens* action therefore cannot be brought against an entity such as a federal prison, the Bureau of Prisons ("BOP"), or the United States Government. *Id.* NEOCC is a private prison. To avoid imposing asymmetrical liability costs on private prison facilities, the Supreme Court declined to expand *Bivens* to provide this cause of action against a private prison corporation. *Id.* at 70-74 (pointing out that when a prisoner in a BOP facility alleges a constitutional deprivation, his only remedy lies against the offending individual officer). Plaintiff therefore cannot bring *Bivens* claims against NEOCC.

### IV. Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

The Clerk is directed to issue a copy of this Memorandum of Opinion and Order by regular mail to David C. Lettieri, Niagara County Jail, 5526 Niagara Street Ext, Lockport, NY 14095.

IT IS SO ORDERED.

| | |
|---|---|
|    November 22, 2023 |    */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |