PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID C. LETTIERI, | ) | |
| | ) | CASE NO.  4:23CV1690 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| NORTHEAST OHIO | ) | |
| CORRECTIONAL CENTER, | ) | |
| | ) | **ORDER** |
| Defendant. | ) | [Resolving ECF No. 8] |

Pending is *Pro Se* Plaintiff David C. Lettieri's Motion for Reconsideration (ECF No. 8). He brought this *Bivens*[1] action asserting claims of cruel and unusual punishment against the Northeast Ohio Correctional Center ("NEOCC").  *See* Complaint (ECF No. 1).  On November 22, 2023, the Court dismissed the action pursuant to 28 U.S.C. § 1915(e) because *Bivens* claims cannot be brought against NEOCC.  *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 70 (2001). On December 22, 2023, the Motion for Reconsideration was received for filing.

In his Motion, Plaintiff asserts three arguments for reconsideration and offers four new causes of action.  In support of reconsideration, he states:  (1) NEOCC is a special maritime and territorial jurisdiction; (2) anyone that works at NEOCC is a corrections officer "and there are Laws By Federal that Protect them;" and, (3) NEOCC also houses state prisoners in another part of the building, and therefore he can raise claims under state and federal law.  Plaintiff also adds

---

[1] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

(4:23CV1690)

claims under the First Amendment, Fourteenth Amendment, 42 U.S.C. § 1981, and 42 U.S.C. § 1985(3).

In the Sixth Circuit, a motion for reconsideration is construed as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e). *Moody v. Pepsi-Cola Metro. Bottling Co., Inc.,* 915 F.2d 201, 206 (6th Cir. 1990). A district court may grant a Rule 59(e) motion only if there is: " '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.' " *Henderson v. Walled Lake Consol. Schs.,* 469 F.3d 479, 496 (6th Cir. 2006) (quoting *Intera Corp. v. Henderson,* 428 F.3d 605, 620 (6th Cir. 2005)). Rule 59 motions "are not intended as a vehicle to relitigate previously considered issues . . . and are not the proper vehicle to attempt to obtain a reversal of a judgment by offering the same arguments previously presented." *Kenneth Henes Special Projects Procurement v. Cont'l Biomass Indus., Inc.,* 86 F. Supp.2d 721, 726 (E.D. Mich. 2000) (emphasis and citations omitted); *see also Sault Ste. Marie Tribe of Chippewa Indians v. Engler,* 146 F.3d 367, 374 (6th Cir. 1998) (noting that a Rule 59(e) motion "is not an opportunity to re-argue a case" nor an avenue to raise arguments which could have, but were not raised before); *Beltowski v. Bradshaw,* No. 1:08CV2651, 2009 WL 5205368, at *4 (N.D. Ohio Dec. 23, 2009) ("The motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple.") (citations omitted)).

Plaintiff fails to demonstrate he is entitled to relief under Rule 59(e). NEOCC is not subject to maritime jurisdiction. First, Plaintiff did not raise this argument in the Complaint (ECF No. 1) and cannot assert it for the first time in a motion for reconsideration. Moreover, maritime jurisdiction is not present because the alleged injury did not occur on navigable water

2

(4:23CV1690)

of the United States nor was it suffered or caused by a vessel on navigable water. *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 534 (1995). NEOCC is landlocked. Second, while NEOCC does employ individual corrections officers, Plaintiff did not name any of them as defendants. NEOCC is the only named Defendant. Third, regardless of the other types of prisoners housed in different parts of NEOCC, Plaintiff was a federal detainee in the custody of the United States Marshals. He was not a state prisoner. Finally, Plaintiff cannot add claims under the First and Fourteenth Amendments, 42 U.S.C. § 1981 or 42 U.S.C. § 1985(3) in a motion to alter or amend judgment. *See Engler*, 146 F.3d at 374.

Accordingly, Plaintiff's Motion for Reconsideration (ECF No. 8) is denied. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

The Clerk of this Court shall inform the Clerk of the United States Court of Appeals for the Sixth Circuit of the within determination.[2]

The Clerk of this Court is also directed to issue a copy of this Order by regular mail to David C. Lettieri, Niagara County Jail, 5526 Niagara Street Ext, Lockport, NY 14095.

IT IS SO ORDERED.

February 21, 2024                            */s/ Benita Y. Pearson*
Date                                         Benita Y. Pearson
                                             United States District Judge

---

[2] An appeal to the Sixth Circuit, being Case No. 24-4023, has been held in abeyance until the within order disposing of the post-judgment motions is filed and jurisdiction has transferred to the Court of Appeals. *See* Appeal Remark (ECF No. 9).

3