PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID C. LETTIERI, | ) | |
| | ) | CASE NO. 4:23CV1690 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| NORTHEAST OHIO | ) | |
| CORRECTIONAL CENTER, | ) | |
| | ) | **ORDER** |
| Defendant. | ) | [Resolving ECF No. 11] |

Pending is *Pro Se* Plaintiff David C. Lettieri's Motion to Vacate Judgment (ECF No. 11). He brought this *Bivens*[1] action asserting claims of cruel and unusual punishment against the Northeast Ohio Correctional Center ("NEOCC"). *See* Complaint (ECF No. 1). On November 22, 2023, the Court dismissed the action pursuant to 28 U.S.C. § 1915(e) because *Bivens* claims cannot be brought against NEOCC. *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 70 (2001).

An appeal to the Sixth Circuit, being Case No. 23-4023, has been filed and jurisdiction has transferred to the Court of Appeals. *See* Notice of Appeal (ECF No. 7).

The filing of a notice of appeal "divests the district court of its control over those aspects of the case involved in the appeal." *Taylor v. KeyCorp*, 680 F.3d 609, 616 (6th Cir. 2012) (citation omitted). The Court is therefore without authority to grant Plaintiff's motion.

---

[1] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

(4:23CV1690)

However, under Fed. R. Civ. P. 62. 1, the Court "can entertain the motion and deny it. . . ." Rule 62.1 Advisory Committee Notes. The Rule provides:

> (a) RELIEF PENDING APPEAL. If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
> (1) defer considering the motion;
> (2) deny the motion; or
> (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See* 28 U.S.C. §§ 1915(e)(2) (screening provision within the *in forma pauperis* statute) and 1915A (screening of complaints filed by prisoners seeking redress from a governmental entity or its officers or employees); *Benson v. O'Brian*, 179 F.3d 1014, 1016-17 (6th Cir. 1999) (explaining difference between § 1915(e)(2) and § 1915A). Section 1915A requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Plaintiff argues that because § 1915A(a) requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a *governmental entity* or officer or employee of a governmental entity" (emphasis added) and NEOCC is a private prison, relief from the Court's Memorandum of Opinion and Order (ECF No. 5) and Judgment Entry (ECF No. 6) dismissing this case is justified.

Plaintiff, however, has failed to demonstrate that he is entitled to relief from ECF Nos. 5 and 6. The Court dismissed this *in forma pauperis* action pursuant to 28 U.S.C. § 1915(e), not

2

(4:23CV1690)

28 U.S.C. § 1915A. Accordingly, the Court denies Plaintiff's Motion to Vacate Judgment (ECF No. 11) pursuant to Rule 62.1(a)(2). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

The Clerk of this Court shall inform the Clerk of the United States Court of Appeals for the Sixth Circuit of the within determination.

The Clerk of this Court is also directed to issue a copy of this Order by regular mail to David C. Lettieri, Niagara County Jail, 5526 Niagara Street Ext, Lockport, NY 14095.

IT IS SO ORDERED.

   May 16, 2024                                                   */s/ Benita Y. Pearson*
Date                                                             Benita Y. Pearson
                                                                   United States District Judge